**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**HERMAN LEE SMITH,**
**Inmate # L11644,**

**Plaintiff,**

**vs.** **Case No. 4:26cv417-MW-MAF**

**JUDGE LORDY JEAN,**

**Defendant.**
**_____________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, but he did not simultaneously pay the filing fee for this case or file an in forma pauperis motion. An Order was entered, ECF No. 3, directing Plaintiff to do one or the other if he wanted to proceed.

On the same day that Order was entered, Plaintiff submitted a motion to proceed in forma pauperis. ECF No. 4. Plaintiff's motion was insufficient because it was not supported by the required copy of his inmate bank account statement. Plaintiff was directed to comply with the prior Order, ECF No. 3, and that motion was denied. ECF No. 5.

Two weeks later Plaintiff filed another in forma pauperis motion. ECF No. 6. Again, that motion is insufficient because it is not supported by a copy of his inmate bank account statement. A week later, Plaintiff submitted a letter, ECF No. 7, a first amended complaint, ECF No. 8, and another motion for leave to proceed in forma pauperis, ECF No. 9. Once again, Plaintiff's motion for leave to proceed in forma pauperis is insufficient.

As Plaintiff was previously informed, ECF Nos. 3 and 5, he must file a copy of his inmate bank account statement for the 6-month period of time to demonstrate his entitlement to in forma pauperis status and to comply with 28 U.S.C. § 1915(a)(2). Plaintiff has steadfastly refused to file a proper in forma pauperis motion, and while this Court would ordinarily extend another opportunity for Plaintiff to do so, there is no need to do so in this case.

As noted above, Plaintiff submitted an amended complaint. ECF No. 8. Section VIII of the complaint form requires prisoner plaintiffs to list their prior litigation. Plaintiff did not do so, but he included this statement: "I have filed a many cases [sic] against DOC who have not settled not even on [sic] of these many cases . . . ." *Id.* at 9. In light of that statement, this

Court has reviewed Plaintiff's litigation history on PACER. It appears that Plaintiff has filed approximately 25 cases.

Judicial notice is taken of case number 8:24cv01892-SDM-T_W, filed in the United States District Court for the Middle District of Florida. This Court has confirmed it was filed by the same Herman Lee Smith who is the Plaintiff in this case by virtue of his DOC inmate number, L11644. An order of dismissal was entered in that case noting that Plaintiff is a "three striker" under 28 U.S.C. § 1915(g). The Court identified the following cases which qualify as "strikes" under § 1915(g): Smith v. Joseph, No. 6:24-cv-1019-CEM-LHP (M.D. Fla. July 9, 2024); Smith v. Walker, 6:24-cv-644-WWB-RMN (M.D. Fla. May 5, 2024); and Smith v. Tomson, 1:21-cv-23739-DMM (S.D. Fla. Dec. 15, 2021). ECF No. 30 at 2 of that case. Further, that Court noted that Plaintiff had already had several cases dismissed pursuant to the "three strikes" provision: Smith v. Wilson, 8:24-cv-2181-MSS-LSG (M.D. Fla. Oct. 17, 2024), and Smith v. Walker, 6:24-cv-1976-WWB-EJK (M.D. Fla. Nov. 4, 2024). *Id.*

Under the "three-strikes" provision of § 1915(g),[1] a prisoner is not entitled to proceed with in forma pauperis status if he has three strikes and his complaint does not allege that he faces imminent danger. Plaintiff's amended complaint, ECF No. 8, does not present allegations of imminent danger. Instead, Plaintiff is attempting to sue the state court judge who allegedly "convicted" him of crimes. *Id.* at 7. The amended complaint[2] does not meet the "imminent danger" exception of § 1915(g).

Accordingly, because Plaintiff is not entitled to proceed with in forma pauperis status and he did not pay the filing fee at the time of case initiation, this case should be dismissed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). Plaintiff "cannot simply pay the filing fee after being denied in forma pauperis status." Dupree, 284 F.3d at 1236.

---

[1] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] In Plaintiff's initial complaint, he falsely claimed that to "the best of [his] knowledge," he had not had any cases dismissed as frivolous, malicious, etc. ECF No. 1 at 9.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that all pending motions for leave to proceed in forma pauperis, ECF Nos. 6 and 9, be **DENIED** and this case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). It is further recommended that if this Recommendation is adopted by the Court, the Clerk of Court should be directed to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 25, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**